# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **PREPAID LAB, LLC,** | ) | **CASE NO. 5:11-cv-00509** |
| | ) | |
| Plaintiff, | ) | **JUDGE SARA LIOI** |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| **LABORATORY CORP. OF AMERICA** | ) | |
| **HOLDINGS, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

By order of June 6, 2011, the parties were directed *sua sponte* (Doc. 8) to show cause why this case should not be remanded for lack of subject matter jurisdiction pursuant to its duty to determine jurisdiction. Defendant Laboratory Corp. of America Holdings ("LCAH") filed its response to the order on June 15, 2011. (Doc. 9.) Plaintiff filed a reply brief to Lab. Corp.'s response. (Doc. 10.) The Court has reviewed the response and the reply and is satisfied that it retains subject matter jurisdiction over the instant action under 28 U.S.C. § 1447(c).

It appeared from the face of the Complaint that the Court lacked subject matter jurisdiction as plaintiff had named a nondiverse defendant, the Summit County Medical Society ("SCMS"). Defendant LCAH asserted, however, in its removal petition that the Court has

jurisdiction because SCMS is a nominal party or was fraudulently joined.[1] Plaintiff has conceded that SCMS is a nominal party. Plaintiff does not assert any claims against SCMS, but maintains that it remains an interested party by virtue of its participation in the formation of the contract at issue in this litigation. Plaintiff does not object, however, to defendant LCAH's correct statement of the law that removal may only be defeated by a genuine legal interest, which SCMS does not have. *Rose v. Giamatti*, 721 F. Supp. 906, 914 (S.D. Ohio 1989).

Although neither party has moved for severance in the instant case, the Court may *sua sponte* sever a nondiverse and dispensable party from litigation in order to achieve diversity. *See Safeco Ins. Co. v. City of White House, Tenn.,* 36 F.3d 540, 545 (6th Cir.1994) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered.") (quoting *Newman-Green, Inc., v. Alfonzo-Larrain,* 490 U.S. 826, 832, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989)) ; *Reed v. Robilio,* 376 F.2d 392, 394 (6th Cir.1967). "Rule 21 of the Federal Rules of Civil Procedure permits a district court to retain diversity jurisdiction over a case by dropping a nondiverse party if that party's presence in the action is not required under Federal Rule of Civil Procedure 19, that is, the party to be dropped must not be a necessary party." *Safeco,* 36 F.3d at 545.

To determine whether to drop the nondiverse defendant, SCMS, the Court must

---

[1] Plaintiff strenuously objects to defendant's assertion or "accusation" that it has engaged in fraudulent joinder for purposes of depriving the Court of jurisdiction. As the term "fraudulent joinder" is used here, however, the Court is cognizant that it is a "term of art" and does not construe defendant's use of the term in this case as "intended to impugn the integrity of a plaintiff or plaintiff's counsel" or as an allegation of actual fraud. *Rose v. Giamatti*, 721 F. Supp. 906, 914 (S.D. Ohio 1989) (*Nobers v. Crucible, Inc.*, 602 F.Supp. 703, 706 (W.D.Pa.1985)). Defendant argues in response to the show cause order that PrePaid has not pled any facts, which if proven, would establish one or more elements of each of cause of action asserted in the Complaint against SCMS. The Court does not construe defendant's argument as alleging an actual fraud committed in plaintiff's pleading for the purpose of defeating jurisdiction.

ascertain whether it is an indispensable party, which requires a two-step analysis under Rule 19. First, the Court must determine whether SCMS is a necessary party; Rule 19 establishes that a party is necessary if: "(1) complete relief cannot be given to existing parties in his absence; (2) disposition in his absence may impair his ability to protect his interest in the controversy; or (3) his absence would expose existing parties to substantial risk of double or inconsistent obligations." *Safeco Ins. Co.,* 36 F.3d at 546; Fed.R.Civ.P. 19(a). Second, the court must determine whether SCMS is indispensible by considering whether: "1) a judgment rendered in the party's absence would prejudice the available party; 2) such prejudice could be lessened or avoided; 3) a judgment rendered in the party's absence would be adequate; and 4) the plaintiff has an adequate remedy if the action is dismissed for nonjoinder." *DeGidio v. Centocor, Inc.,* No. 3:09CV721, 2009 WL 1867676, *3 (N.D. Ohio June 29, 2009), *as amended* (July 8, 2009) (citing *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 764 (6th Cir. 1999)). Because only necessary parties can be dispensable parties, if SCMS is not a necessary party it is not a dispensable party. *Id.* at *4.

Here, SCMS is not a necessary party to the resolution of PrePaid's claims against LCAH, and therefore is dispensable. Complete relief can be given to the existing parties in the absence of SCMS because it has no cognizable legal interest in the instant controversy. It is not a signatory to the parties' contract and has no express legal rights or duties pursuant to the contract. The Complaint does not contain any factual basis on which this Court conclude that SCMS is either entitled to relief from or liable to either PrePaid or LCAH. Moreover, SCMS has never filed a response to the Complaint, has not raised any claims against the other parties, and has not participated at all in the instant litigation in any capacity. Nor have the other parties asserted any claims against SCMS. Accordingly, the absence of SCMS will not expose the

remaining parties to any risk of double or inconsistent obligations.

The Court, therefore, finds SCMS to be a dispensable party. Consequently, the Court *sua sponte* severs and dismisses SCMS from this litigation, and as a result, this Court's diversity jurisdiction is perfected.

**IT IS SO ORDERED**.

Dated: June 24, 2011

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**